### JAMES WILSON v. COMMONWEALTH.

**Bail Bond—Forfeiture of Bail.**
> To enable the commonwealth to recover on a forfeited bail bond it is only necessary to show that there has been a substantial compliance with the provisions of the statute in regard to giving and accepting bail.

#### APPEAL FROM BARREN CRIMINAL COURT.

September 9, 1878.

OPINION BY JUDGE HINES:

From the record in this case it appears that on the 23rd day of January, 1877, a warrant was issued by the police judge of the town of Glasgow, charging Thomas Eubank with grand larceny; that an examination was had before the police judge, on the 24th day of January, and the accused held to answer at the next term of the Barren Criminal Court, the order providing that he might give bail in the sum of fifty dollars. There is also a bail bond in the usual form, dated February 24, 1877, executed by James Wilson, who makes affidavit to his solvency before the police judge. This bail bond, though in the possession of the clerk of the criminal court, is not marked filed as the other papers referred to were. An indictment was found against Eubank, and failing to appear, the bond was forfeited, and to the summons thereon Wilson demurred; the demurrer was overruled and judgment entered against him, from which this appeal.

The defendant was legally in custody, charged with a public offense, at the time of the execution of the bond, as there is no order of release nor other evidence of his being at liberty between the date of the arrest and of the execution of the bond.

The police judge had authority to accept bail, even if there had been a formal order of commitment, and it appeared to the court

that the execution of the bond before the judge authorized to take it, accompanied by affidavit as to solvency of the bondsman, amounts to an acceptance of the bond, which operates to release the defendant. The bond was executed by Wilson in consideration of the immediate release, which, taken in connection with the fact that shortly afterwards the defendant was at liberty, is sufficient evidence that his freedom was secured by the execution of the bond. The record evidence is certainly sufficient for the commonwealth to declare upon, and if the conclusions naturally deducible therefrom are incorrect the appellant should have made it so appear in evidence. The 85th section of the Criminal Code clearly shows that a substantial compliance with the provisions in regard to giving and accepting bail is required.   Judgment *affirmed*.

L. McQuown, for appellant.   Moss, for appellee.